No. 3100

First Circuit

---

NOEL v. COMMUNITY COMPANY, INC.

DUFFEL—Intervenor and Third Opponent

---

(October 7, 1926. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Pleading—Par. 62; Prescription—Par. 89.

Under Article 3214 of the Civil Code, the privilege granted to clerks and managers for their salaries exists only for the last year elapsed and so much as has elapsed of the current year. Therefore, exception no cause of action will be sustained if the petition prays for privilege for salaries due

more than the time prescribed by the Civil Code.

Appeal from the Twenty-seventh Judicial District Court of Louisiana, Parish of Ascension. Sam A. LeBlanc, Judge.

Action by R. E. Noel against Community Company, Inc., B. L. Duffel, intervenor and third opponent.

There was judgment in exception no cause of action filed by plaintiff, dismissing the demand of Duffel set forth in his partition of intervention and third opponent. Intervenor, Duffel, appealed.

Judgment affirmed.

Walter Lemann, of Donaldsonville, attorney for plaintiff, appellee.

C. C. Weber, of Donaldsonville, attorney for intervenor, appellant.

ELLIOTT, J. Community Company, Inc., owner of a theatre building and the ground on which it was situated with photo player piano, opera chairs, moving picture machines, stage curtain, furniture fixtures and paraphernalia contained in the building was indebted unto R. E. Noel, who held a note secured by mortgage on the ground, theatre building and movable property above mentioned therein. R. E. Noel foreclosed his mortgage and in doing so seized and offered for sale the ground and theatre building thereon and all the movable property contained in the building covered by his act of mortgage.

The theatre building had been used for several years as a moving picture show.

L. V. Duffel intervened in the suit, claiming to have been in the employ of the Community Company, Inc., as manager and clerk in the operation and conduct of said moving picture shows during the

months of February, March, April, May, June, July, August and September, 1921, and to be creditor of Community Company, on said account in the sum of $600.00 with interest, etc. He alleges in his petition that he has in his said capacity of clerk and manager a privilege under the law on the piano, chairs, moving picture machines, stage curtain, furniture fixtures and paraphernalia belonging to Community Company, Inc., situated in said building for the amount due him on account of his said services as clerk and manager for said time. He opposed the payment of the proceeds of said movable property to Noel on the ground that his privilege thereon as clerk and manager was superior to that resulting from the seizure by said Noel in the execution of his act of mortgage.

The plaintiff, Noel, excepted to the petition of said Duffel on the ground that it did not set forth a cause or right of action against him, which was sustained and his intervention dismissed from the suit.

Intervenor appealed, but we do not find in the record any brief in support of the privilege which he claims. The privilege claimed by intervenor is based on the law C. C., Art. 3214 and exists only, "for the last year elapsed and so much as has elapsed of the current year" counting from the commencement of the indebtedness and as provided in the law on the subject. The intervention was filed on August 11, 1923. It therefore follows that on the face of the record intervenor had no privilege at the time he intervened, because supposing that one had previously existed in his behalf, it had expired by operation and limit of the law and did not exist at the time he intervened in the suit. The petition of intervention therefore alleges no privilege in behalf of the intervenor oper-

ating against the property seized by Noel; therefore, no right or cause of action against plaintiff. The intervenor's right and cause of action, without privilege on the property seized by Noel, was reserved as against the Community Company, Inc.

After this case was submitted, intervenor departed this life but Mrs. Bertha Fortier Duffel, administratrix of his succession, was duly made a party hereto.

The judgment appealed from is correct.

Judgment affirmed. Intervenor to pay the cost of the appeal and the cost of the intervention in the lower court.